# EXHIBIT A

3526.000

STATE OF ILLINOIS     )
                            ) ss.

COUNTY OF DUPAGE   )

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS - LAW DIVISION

Douglas Walgren, Individually and as
Independent Administrator of the
Estate of Corey Walgren, Deceased,
and Maureen Walgren,

             Plaintiffs,

          v.

Brett Heun, Stephen Madden,
James Konrad, City of Naperville, an
Illinois Municipal Corporation, and
Naperville Community Unit School
District #203,

            Defendants.

**2017L000604**

No.:

Honorable
Courtroom

*Chris Kachiroubas*
e-filed in the 18th Judicial Circuit Court
DuPage County
**TRANS# : 4043090**
**2017L000604**
**FILEDATE : 05/24/2017**
*Date Submitted : 05/24/2017 09:21 AM*
*Date Accepted : 05/24/2017 12:01 PM*
**JAMES KUFER**
8-21-2017 RM2008 9AM

## COMPLAINT AT LAW

NOW COME the Plaintiffs, Douglas Walgren, Individually and as

Independent Administrator of the Estate of Corey Walgren, Deceased, and Maureen

Walgren, and complaining of the Defendants, Brett Heun, Stephen Madden, James

Konrad, the City of Naperville and the Naperville Community Unit School District

#203, upon information and belief, state as follows:

### Introduction

1.     This complaint is brought by Plaintiffs to seek redress and damages,

under 42 U.S.C. §1983 and Illinois common law, for the death of Corey Walgren

PLP/MN (5/23/17)
J:\MARY\CLIENT FILES\WALGREN.3626.000\05 PLEADINGS\CAL.STATE.wpd

directly and proximately resulting from the unreasonable, deliberately indifferent, intentional and conscience shocking conduct of the Defendants identified herein, which conduct was in violation of the constitutional and state common law rights of the Plaintiffs, Douglas and Maureen Walgren, and their son, Corey Walgren.

**Jurisdiction & Venue**

2.     This Court has original jurisdiction over the subject matter of the claims brought under Illinois common law herein.  This Court has concurrent jurisdiction over the subject matter of the federal claims in this action under the authority of 42 U.S.C. §1983 for claims that arise under the Constitution and laws of the United States of America.  <u>Tampam Farms, Inc. v. Supervisor of Assessments for Ogle County</u>, 271 Ill.App.3d 798, 803 (2ndDist.1995).

3.     Venue is appropriate in DuPage County under 725 ILCS 5/2-101 and/or 102 as the parties all reside, have office and/or do business in DuPage County, and the transaction giving rise to the claims occurred in DuPage County.

**The Parties**

4.     The Plaintiffs, Douglas and Maureen Walgren, were at all times relevant hereto the natural parents of Corey Walgren, and resided in Naperville, DuPage County, Illinois.  Corey Walgren was born on February 5, 2000, and died on January 11, 2017.  At the time of his death, Corey was 16 years old and a Junior at Naperville North High School, a unit school of the Defendant, Naperville Community Unit School District #203, having been on the Honor Roll and no disciplinary history whatsoever.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

5.     Upon his death on January 11, 2017, Corey Walgren was unmarried with no children, and left surviving him his father and mother, the Plaintiffs, Douglas and Maureen Walgren, and a brother, Joshua Walgren, and a sister, Shannon Walgren.

6.     The Defendant, Brett Heun, was at all times relevant hereto a sworn law enforcement officer in the State of Illinois acting within the scope of his employment with the Defendant, City of Naperville, as a Naperville Police Officer holding the position of detective, and was at all times herein acting under color of law.  Mr. Heun is sued in his individual capacity.

7.     The Defendant, Stephen Madden, was at all times relevant hereto a Dean of Students assigned to Naperville North High School acting within the scope of his employment with the Defendant, Naperville Community Unit School District #203, and was at all times hereto acting under color of law.  Mr. Madden is sued in his individual capacity.

8.     The Defendant, James Konrad, was at all times relevant hereto a Dean of Students assigned to Naperville North High School acting within the scope of his employment with the Defendant, Naperville Community Unit School District #203, and was at all times hereto acting under color of law.  Mr. Konrad is sued in his individual capacity.

9.     The Defendant, City of Naperville, was at all times relevant hereto an Illinois Municipal Corporation duly authorized and chartered under the laws of the

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

State of Illinois, operating and managing the Naperville Police Department by and through its employees, including the Defendant, Brett Heun.

10.     The Defendant, Naperville Community Unit School District #203, was at all times relevant hereto a duly organized and chartered public school entity under the laws of the State of Illinois, operating and managing Naperville North High School by and through its employees, including the Defendants, Stephen Madden and James Konrad.

### Facts Common to All Counts of the Complaint

11.     On January 11, 2017, Corey Walgren, an Honor Roll student at Naperville North High School with no disciplinary history whatsoever, was sitting about to eat lunch with friends when the Defendant, James Konrad, ordered Corey to follow him to the Deans' offices.

12.     Prior to doing so, the Defendant, James Konrad, had met and/or conferred directly and/or indirectly with the Defendant, Brett Heun, a law enforcement officer, and/or the Defendant, Stephen Madden, and/or both, as part of an investigation of an allegation of criminal misconduct, whereupon the Defendant, James Konrad, was acting in concert through implicit or explicit agreement with and/or pursuant to direction from the Defendant, Brett Heun, to take Corey into custody for questioning about the alleged criminal misconduct.

13.     Corey complied with the Defendant's, James Konrad, order and was escorted by the Defendant, James Konrad, to the separate deans' suite in the school and placed into an empty dean's office with the door closed, whereupon the

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

Defendant, Konrad, ordered Corey to wait without further explanation of why. At that time, under the circumstances, Corey objectively was not free to leave that office and was under arrest.

14.     Some time later, the Defendants, Brett Heun and Stephen Madden, entered the office in which Corey was ordered to remain, and acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, began to interrogate Corey in connection with an allegation that Corey had engaged in criminal misconduct. At that time, under the circumstances, a reasonable person in Corey's position would objectively consider himself in custody and not free to leave that office, and was under arrest.

15.     Prior to or at the time the Defendants, Brett Heun and Stephen Madden, acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, initiated custodial interrogation of Corey, none of the Defendants, James Konrad, Brett Heun or Stephen Madden, attempted in any way to make any contact with either of Corey's parents, the Plaintiffs, Douglas and Maureen Walgren, despite the Defendants being in actual possession of each of their telephone contact information.

16.     As a law enforcement officer, and/or as acting in concert with and/or pursuant to the direction of a law enforcement officer, investigating an allegation of criminal misconduct of a Minor in the State of Illinois, each Defendant, Brett Heun, James Konrad and Stephen Madden, was obligated by 705 ILCS 405/5-405(2) to make reasonable effort to immediately notify one of Plaintiffs.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

17.     Additionally, prior to or at the time the Defendants, Brett Heun and Stephen Madden, acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, initiated custodial interrogation of Corey, none of the Defendants, Brett Heun James Konrad or Stephen Madden, told Corey "You have a right to remain silent.  That means you do not have to say anything.  Anything you say can be used against you in court.  You have the right to get help from a lawyer.  If you cannot pay for a lawyer, the court will get you one for free.  You can ask for one at any time.  You have a right to stop this interview at any time," followed by asking Corey "Do you want to have a lawyer," then wait for a response, then ask "Do you want to talk to me?" then wait for a response.

18.     As law enforcement or public officers in the State of Illinois, the Defendants, Brett Heun, James Konrad and Stephen Madden, each was obligated by 705 ILCS 405/5-401.5(a-5) to read these statements and ask these questions to Corey before initiating custodial interrogation of him.

19.     At no time during the above described custodial interrogation did any of the Defendants, Brett Heun, James Konrad and Stephen Madden, act as Corey's advocate or otherwise in his interests.  Rather, throughout this session, one and/or more Defendants, acting in concert with each other through implicit or explicit agreement, interrogated Corey in such a manner and with the specific intent to cause Corey extreme and excessive psychological distress and fear and to coerce him to speak and/or do as they said, including but not limited to falsely threatening

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

Corey that they had information that Corey possessed and disseminated child pornography, and would be a registered sex offender.

20.    The extreme, intolerable and excessive fear and psychological distress suffered by Corey, including but not limited to the fear of incarceration and social embarrassment and shame, was objectively obvious and apparent to the Defendants, Brett Heun and Stephen Madden.

21.    Based upon these false, coercive and excessively distressing threats, Corey was coerced into allowing the Defendants, Brett Heun and Stephen Madden, to examine his cell phone.  No child pornography was recovered from the phone. The Defendants, Brett Heun and Stephen Madden, acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, then ordered Corey to wait in the Defendant's, Stephen Madden, office, and escorted him there.

22.    At no time before, during or after the above coercive interrogation and eventual search of Corey's phone did the Defendants, Brett Heun, James Konrad and/or Stephen Madden, possess any information that Corey Walgren was ever in possession of or disseminated any visual depiction of any person that could be considered child pornography, or otherwise a violation of 720 ILCS 5/11-20.1.

23.    At this point, one of the Defendants, Brett Heun or Stephen Madden, finally attempted to make contact with the Plaintiff, Douglas Walgren, but was unsuccessful.  One of the Defendants, Brett Heun or Stephen Madden, then finally attempted to contact, and did contact, the Plaintiff, Maureen Walgren, by phone.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

24.     Despite their investigation and interrogation of Corey unearthing no evidence supporting any allegation of criminal conduct that Corey would or could ever have been charged with possession or dissemination of child pornography or be required to register as a sex offender for such, the Defendants, Brett Heun and Stephen Madden, acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, repeated some of the above false and coercive threats to the Plaintiff, Maureen Walgren, that Corey possessed and/or disseminated child pornography and faced being a registered sex offender because of such, and told the Plaintiff, Maureen Walgren, that they needed her to execute a consent form to allow further search of Corey's phone.

25.     The above false and coercive threats of the Defendants, Brett Heun, and Stephen Madden, acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, repeated to the Plaintiff, Maureen Walgren, caused Maureen Walgren extreme and excessive emotional distress and worry for her son.

26.     The Plaintiff, Maureen Walgren, advised the Defendants, Brett Heun and Stephen Madden, that she was on her way to the school immediately to get Corey, and asked if they were going to hold Corey until she arrived, estimated in about 50 minutes, and the Defendants, Brett Heun and Stephen Madden, affirmed that Corey would continue to be held in their custody.

27.     At that point, the Defendants, Brett Heun and Stephen Madden, did not release Corey back to class or at all.  The Defendants, Brett Heun and Stephen

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

Madden, acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, kept Corey in their custody and ordered Corey Walgren to remain within the deans' suite until the Plaintiff, Maureen Walgren, took custody of him. At that time, under the circumstances, a reasonable person in Corey's position would objectively consider himself still in custody and not free to leave that office, and was still under arrest.

28.     At the time the Defendants, Brett Heun and Stephen Madden, acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, left Corey in the deans' suite with orders to wait until his mother took custody of him, Corey was suffering from extreme, intolerable and excessive psychological and emotional distress, objectively obvious and apparent to the Defendants, Brett Heun and Stephen Madden, as the direct and intended consequence of their above described false threats to Corey's physical and social well-being.

29.     Some time after the Defendants, Brett Heun and Stephen Madden, acting in concert with each other and the Defendant, James Konrad, through implicit or explicit agreement, ordered Corey to remain in the deans' suite, Corey escaped the suite and exited the school. At that time, Corey's emotional and psychological condition was intolerably dire and desperate, due directly and proximately to the above described individual and/or concerted conduct of the Defendants, Brett Heun, James Konrad and Stephen Madden, acting in concert with each other through implicit or explicit agreement.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

30.     A short time after leaving the school, Corey walked up to and then off of the 5th level of a parking structure in downtown Naperville, knowing that such conduct was reasonably likely to cause him death or great bodily harm.  Corey died later that day from his wounds.

## COUNT I
### FOURTH AMENDMENT VIOLATION - 42 U.S.C. §1983
*Unreasonable Conditions of Detention*
*Individual & Conspiracy Liability / Failure to Intervene*

31.     Plaintiffs incorporate by reference ¶¶1 through 30, above, as if fully set forth herein.

32.     At all times relevant herein, the Deceased, Corey Walgren, enjoyed rights and privileges secured by the Fourth Amendment to the Constitution of the United States of America to be free from unreasonable seizure, including the right to be free from unreasonable conditions of detention.

33.     The Defendants, Brett Heun, James Konrad and Stephen Madden, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to falsely threaten and coerce the Deceased, Corey Walgren, through the above described acts and/or omissions, constituting unreasonable conditions of seizure and/or detention in violation of the Fourth Amendment rights and guarantees of the Deceased, Corey Walgren.

34.     In furtherance of this agreement, the Defendants, Brett Heun, James Konrad and Stephen Madden, engaged in the individual and/or concerted conduct described herein.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

35.     At all times relevant herein and prior to the death of the Deceased, Corey Walgren, each of the Defendants, Brett Heun, Stephen Madden and James Konrad, knew or should have known that the use of false, coercive and psychologically intolerable threats against a minor with no disciplinary history or experience, in the absence of a parent or other actual advocate, were objectively unreasonable and in violation of the Fourth Amendment to the Constitution of the United States of America.

36.     Furthermore, in the alternative to the claim of conspiracy, at all times relevant herein, and as described herein above, each of the Defendants, Brett Heun, James Konrad and Stephen Madden, had a reasonable opportunity to intervene to prevent the violation of the Fourth Amendment rights and guarantees of the Deceased, Corey Walgren, by the other Defendant(s), but despite such opportunity, failed to do so.   The failure of each Defendant to intervene in the violation of the Fourth Amendment rights and guarantees of the Deceased, Corey Walgren, by the other Defendant(s) directly and proximately caused the violation of the Deceased's rights by another Defendant and the damages claimed herein.

37.     As a direct and proximate result of the aforesaid violation of the rights and guarantees of the Deceased, Corey Walgren, to be free from unreasonable seizure, including freedom from unreasonable conditions of arrest / detention, the Deceased, Corey Walgren, suffered extreme, intolerable and excessive conscious pain and suffering and took his own life and died.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

38.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, seeks the recovery of damages related to the Deceased's conscious pain and suffering prior to his death on January 11, 2017, pursuant to 755 ILCS 5/27-6, the Illinois Survival Act.

39.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, also seeks the recovery of damages for and due to the death of Corey Walgren, Deceased, suffered by the Deceased's sole surviving Next-of-Kin, being the Plaintiffs, Douglas and Maureen Walgren, and Joshua Walgren and Shannon Walgren, for each of their pecuniary injuries, including but not limited to grief, sorrow and mental suffering, pursuant to 740 ILCS 180/1, *et seq.,* the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, demands judgment in his favor and against the Defendants, Brett Heun, Stephen Madden and James Konrad, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000), plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988 plus costs pursuant to 735 ILCS 5/5-101, *et seq.*

## COUNT II
### FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. §1983
*Deliberate Indifference to Objectively Serious Mental Health Need*
*Individual & Conspiracy Liability / Failure to Intervene*

40.     Plaintiffs incorporate by reference ¶¶1 through 39, above, as if fully set forth herein.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

41.     At all times relevant herein, the Deceased, Corey Walgren, enjoyed rights and privileges secured by the Due Process clause of the Fourteenth Amendment to the Constitution of the United States of America to be free from deliberate indifference of governmental actors, charged with his care, custody and/or control, to his objectively serious mental health needs without due process of law.

42.     The Defendants, Brett Heun, Stephen Madden and James Konrad, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to falsely threaten and coerce the Deceased, Corey Walgren, through the above described acts and/or omissions, intending to cause or with deliberate indifference to causing the Deceased minor, Corey Walgren, extreme, intolerable and excessive emotional and psychological distress and the physical effects thereof.

43.     In furtherance of this agreement, the Defendants, Brett Heun, James Konrad and Stephen Madden, engaged in the individual and/or concerted conduct described herein.

44.     On January 11, 2017, the Defendants, Brett Heun and Stephen Madden, subjectively knew of the extreme, intolerable and excessive emotional and psychological distress they caused Corey, acting in concert through implicit or explicit agreement, and the Defendants, Brett Heun and Stephen Madden, were deliberately indifferent to the objectively serious medical and/or mental health needs of the Deceased, Corey Walgren, in violation of his rights to Due Process

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

under the Fourteenth Amendment to the Constitution of the United States of America.

45.     Furthermore, and in the alternative to the claim of conspiracy, at all times relevant herein, and as described herein above, each of the Defendants, Brett Heun, Stephen Konrad and Stephen Madden, had a reasonable opportunity to intervene to prevent the violation of the Fourteenth Amendment rights and guarantees of the Deceased, Corey Walgren, by the other Defendant(s), but despite such opportunity, failed to do so.   The failure of each Defendant to intervene in the violation of the Fourteenth Amendment rights and guarantees of the Deceased, Corey Walgren, by the other Defendant(s) directly and proximately caused the violation of the Deceased's rights by another Defendant and the damages claimed herein.

46.     As a direct and proximate result of the individual and/or concerted conduct of the Defendants, Brett Heun, James Konrad and Stephen Madden, in violation of the rights and guarantees of the Deceased, Corey Walgren, to Due Process of Law under the Fourteenth Amendment to the Constitution of the United States to be free from the deliberate indifference of governmental actors, the Deceased, Corey Walgren, suffered extreme, intolerable and excessive conscious pain and suffering and took his own life and died.

47.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, seeks the recovery of damages related to the

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

Deceased's conscious pain and suffering prior to his death on January 11, 2017,

pursuant to 755 ILCS 5/27-6, the Illinois Survival Act.

48.     Plaintiff, Douglas Walgren, as Independent Administrator of the

Estate of Corey Walgren, Deceased, also seeks the recovery of damages for and due

to the death of Corey Walgren, Deceased, suffered by the Deceased's sole surviving

Next-of-Kin, being the Plaintiffs, Douglas and Maureen Walgren, and Joshua

Walgren and Shannon Walgren, for each of their pecuniary injuries, including but

not limited to grief, sorrow and mental suffering, pursuant to 740 ILCS 180/1, *et*

*seq.,* the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiff, Douglas Walgren, as Independent

Administrator of the Estate of Corey Walgren, Deceased, demands judgment in his

favor and against the Defendants, Brett Heun, Stephen Madden and James

Konrad, jointly and severally, in an amount in excess of Five Million Dollars

($5,000,000), plus a reasonable attorney's fee and non-taxable costs pursuant to 42

U.S.C. §1988 plus costs pursuant to 735 ILCS 5/5-101, *et seq.*

## COUNT III
## FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. §1983
*Conscience Shocking Coercive Interrogation*
*Individual & Conspiracy Liability/Failure to Intervene*

49.     Plaintiffs incorporate by reference ¶¶1 through 48, above, as if fully set

forth herein.

50.     At all times relevant herein, the Deceased, Corey Walgren, enjoyed

rights and privileges secured by the Fourteenth Amendment to the Constitution of

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

the United States of America to be free from coercive interrogation techniques that shock the conscience.

51.     The Defendants, Brett Heun, Stephen Madden and James Konrad, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to falsely threaten and coerce the minor, Corey Walgren, through the above described conscience shocking acts and/or omissions, causing the Deceased minor, Corey Walgren, extreme, intolerable and excessive emotional and psychological distress and the physical effects thereof.

52.     In furtherance of this agreement, the Defendants, Brett Heun, James Konrad and Stephen Madden, engaged in the individual and/or concerted conduct described herein.

53.     Furthermore, and in the alternative to the claim of conspiracy, at all times relevant herein, and as described herein above, each of the Defendants, Brett Heun, Stephen Konrad and Stephen Madden, had a reasonable opportunity to intervene to prevent the violation of the Fourteenth Amendment rights and guarantees of the Deceased, Corey Walgren, by the other Defendant(s), but despite such opportunity, failed to do so.   The failure of each Defendant to intervene in the violation of the Fourteenth Amendment rights and guarantees of the Deceased, Corey Walgren, by the other Defendant(s) directly and proximately caused the violation of the Deceased's rights by another Defendant and the damages claimed herein.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

54.     As a direct and proximate result of the individual and/or concerted conduct of the Defendants, Brett Heun, James Konrad and Stephen Madden, in violation of the rights and guarantees of the Deceased, Corey Walgren, under the Fourteenth Amendment to the Constitution of the United States to be free from coercive interrogation techniques that shock the conscience, the Deceased, Corey Walgren, suffered extreme, intolerable and excessive conscious pain and suffering and took his own life.

55.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, seeks the recovery of damages related to the Deceased's conscious pain and suffering prior to his death on January 11, 2017, pursuant to 755 ILCS 5/27-6, the Illinois Survival Act.

56.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, also seeks the recovery of damages for and due to the death of Corey Walgren, Deceased, suffered by the Deceased's sole surviving Next-of-Kin, being the Plaintiffs, Douglas and Maureen Walgren, and Joshua Walgren and Shannon Walgren, for each of their pecuniary injuries, including but not limited to grief, sorrow and mental suffering, pursuant to 740 ILCS 180/1, *et seq.,* the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, demands judgment in his favor and against the Defendants, Brett Heun, Stephen Madden and James Konrad, jointly and severally, in an amount in excess of Five Million Dollars

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

($5,000,000), plus a reasonable attorney's fee and non-taxable costs pursuant to 42

U.S.C. §1988 plus taxable costs pursuant to Federal Rule of Civil Procedure 54.

<u>COUNT IV</u>
**FOURTEENTH AMENDMENT VIOLATION - 42 U.S.C. §1983**
*Intentional Interference with Parent/Child Relationship*
*Individual & Conspiracy Liability / Failure to Intervene*

57.     Plaintiffs incorporate by reference ¶¶1 through 56, above, as if fully set

forth herein.

58.     On and prior to January 11, 2017, the Plaintiffs, Douglas and Maureen

Walgren, were the natural parents of Corey Walgren, and at all times hereto

enjoyed the rights and privileges of a parent under the Due Process Clause of the

Fourteenth Amendment to the Constitution of the United States of America to the

exclusive right to the care, custody and control of a minor child, including the right

of a parent to be free from intentional interference by a governmental actor with the

parent's exclusive care, custody and control of a minor child without due process of

law.

59.     On January 11, 2017, the Defendants, Brett Heun, James Konrad and

Stephen Madden, accomplished an unlawful result through individual and/or

concerted action, in that they agreed, through implicit or explicit means, to interfere

with the Fourteenth Amendment due process rights of the Plaintiffs, Douglas and

Maureen Walgren, for the purpose of facilitating the Defendants' efforts and

conduct of causing Corey Walgren excessive, intolerable and extreme emotional

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

distress through false threats in order to coerce Corey's compliance with questioning and search.

60.     In furtherance of this agreement, the Defendants, Brett Heun, James Konrad and Stephen Madden, engaged in the individual and/or concerted conduct described herein.

61.     As a direct and proximate result of the individual and/or concerted conduct of the Defendants, Brett Heun, James Konrad and Stephen Madden, the Deceased, Corey Walgren, was left to suffer the extreme, excessive and intolerable psychological and emotional distress and the associated physical effects without any assistance, guidance, care or custody of his parents, the Plaintiffs, Douglas and Maureen Walgren, to aid him.

62.     Furthermore, and in the alternative to the claim of conspiracy, at all times relevant herein, and as described herein above, each of the Defendants, Brett Heun, James Konrad and Stephen Madden, had a reasonable opportunity to intervene to prevent the violation of the Fourteenth Amendment rights and guarantees of the Plaintiffs, Douglas and Maureen Walgren, by the other Defendant(s), but despite such opportunity, failed to do so.   The failure of each Defendant to intervene in the violation of the Fourteenth Amendment rights and guarantees of the Plaintiffs, Douglas and Maureen Walgren, by the other Defendant(s) directly and proximately caused the violation of the Plaintiffs', Douglas and Maureen Walgren, rights by another Defendant and the damages

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

claimed herein, including the death of their son and the excessive and extreme emotional distress they have suffered since then.

63.     As a direct and proximate result of the individual and/or concerted conduct of the Defendants, Brett Heun, James Konrad and Stephen Madden, in violation of the rights and guarantees of the Plaintiffs, Douglas and Maureen Walgren, to Due Process of Law under the Fourteenth Amendment to the Constitution of the United States to be free from the intentional interference of their care, custody and control of their minor child without due process of law, Corey Walgren, the Deceased, Corey Walgren, took his own life and died, as a result of which the Plaintiffs, Douglas and Maureen Walgren, have suffered and will continue to suffer permanent injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiffs, Douglas and Maureen Walgren, demand judgment in favor of each and against the Defendants, Brett Heun, Stephen Madden and James Konrad, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000), plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988 plus costs pursuant to 735 ILCS 5/5-101, *et seq.*

### COUNT V
### WILLFUL & WANTON - State Law
*Execution or Enforcement of Laws - Individual & Conspiracy Liability*

64.     Plaintiffs incorporate by reference ¶¶1 through 63, above, as if fully set forth herein.

65.     At all times relevant hereto and described herein, the Defendants, Brett Heun, James Konrad and Stephen Madden, acting in concert through implicit

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

or explicit agreement, engaged in conduct in the execution or enforcement of the Laws of the State of Illinois.

66.     The Defendants, Brett Heun, Stephen Madden and James Konrad, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through implicit or explicit means, to falsely threaten and coerce the minor, Corey Walgren, through the above described willful and wanton acts and/or omissions, causing the Deceased minor, Corey Walgren, extreme, intolerable and excessive emotional and psychological distress and the physical effects thereof.

67.     In furtherance of this agreement, the Defendants, Brett Heun, James Konrad and Stephen Madden, engaged in the individual and/or concerted conduct described herein.

68.     The individual and/or concerted willful and wanton conduct of the Defendants, Brett Heun, James Konrad and Stephen Madden, was so psychologically damaging and injurious to the Deceased, Corey Walgren, a 16 year old minor who had no school disciplinary history, subjected to the above treatment without the aid of a lawyer, his parents or any other advocate, so as to render him so bereft of reason as to cause him to take his own life.

69.     As the direct and proximate result of one or more of the individual and/or concerted acts and/or omissions of the Defendants, Brett Heun, James Konrad and Stephen Madden, the Deceased, Corey Walgren, suffered extreme, intolerable and excessive conscious physical, psychological and emotional pain, suffering and distress, and ultimately and because thereof took his own life.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

70.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, seeks the recovery of damages related to the Deceased's conscious pain and suffering prior to his death on January 11, 2017, pursuant to 755 ILCS 5/27-6, the Illinois Survival Act.

71.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, also seeks the recovery of damages for and due to the death of Corey Walgren, Deceased, suffered by the Deceased's sole surviving Next-of-Kin, being the Plaintiffs, Douglas and Maureen Walgren, and Joshua Walgren and Shannon Walgren, for each of their pecuniary injuries, including but not limited to grief, sorrow and mental suffering, pursuant to 740 ILCS 180/1, *et seq.,* the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, demands judgment in his favor and against the Defendants, Brett Heun, Stephen Madden and James Konrad, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000), plus costs pursuant to 735 ILCS 5/5-101, *et seq.*

<u>COUNT VI</u>
**IIED - State Law**
*Execution or Enforcement of Laws - Individual & Conspiracy Liability*

72.     Plaintiffs incorporate by reference ¶¶1 through 71, above, as if fully set forth herein.

73.     On January 11, 2017, the Deceased minor Plaintiff, Corey Walgren, enjoyed the right under Illinois common law to be free from severe emotional

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

distress as the proximate result of the extreme and outrageous intentional conduct
of others.

74.     On January 11, 2017, the Defendants, Brett Heun, James Konrad and
Stephen Madden, accomplished an unlawful result through individual and/or
concerted action, in that they agreed, through implicit or explicit means, to engage
in extreme and outrageous conduct in the execution or enforcement of law as
described herein above.

75.     In furtherance of this agreement, the Defendants, Brett Heun, James
Konrad and Stephen Madden, engaged in the individual and/or concerted conduct
described herein.

76.     As a result of the facts set forth herein, the Defendants, Brett Heun,
James Konrad and Stephen Madden, individually and/or in concert, intended or
recklessly disregarded the probability that the conduct described would cause the
Deceased minor, Corey Walgren, to suffer emotional distress.

77.     Defendants acts, individually and/or in concert with each other as
described above, actually and proximately caused the Deceased minor, Corey
Walgren, to suffer extreme, intolerable and excessive psychological and emotional
distress.

78.     The individual and/or concerted intentional conduct of the Defendants,
Brett Heun, James Konrad and Stephen Madden, was so psychologically damaging
and injurious to the Deceased, Corey Walgren, a 16 year old minor who had no
school disciplinary history, subjected to the above treatment without the aid of a

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

lawyer, his parents or any other advocate, so as to render him so bereft of reason as to cause him to take his own life.

79.     As the direct and proximate result of one or more of the individual and/or concerted acts and/or omissions of the Defendants, Brett Heun, James Konrad and Stephen Madden, the Deceased minor, Corey Walgren, suffered extreme, intolerable and excessive conscious physical, psychological and emotional pain, suffering and distress, and ultimately and because thereof took his own life.

80.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, seeks the recovery of damages related to the Deceased's conscious pain and suffering prior to his death on January 11, 2017, pursuant to 755 ILCS 5/27-6, the Illinois Survival Act.

81.     Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, also seeks the recovery of damages for and due to the death of Corey Walgren, Deceased, suffered by the Deceased's sole surviving Next-of-Kin, being the Plaintiffs, Douglas and Maureen Walgren, and Joshua Walgren and Shannon Walgren, for each of their pecuniary injuries, including but not limited to grief, sorrow and mental suffering, pursuant to 740 ILCS 180/1, *et seq.,* the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, demands judgment in his favor and against the Defendants, Brett Heun, Stephen Madden and James

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

Konrad, jointly and severally, in an amount in excess of Five Million Dollars ($5,000,000), plus costs pursuant to 735 ILCS 5/5-101, *et seq.*

**COUNT VII**
**RESPONDEAT SUPERIOR - State law**
*City of Naperville*

82.     Plaintiffs incorporate by reference ¶¶1 through 81, above, as if fully set forth herein.

83.     At all times relevant hereto, the Defendant, Brett Heun, was acting as the actual and/or apparent agent and/or employee of the Defendant, City of Naperville, in connection with all individual and/or concerted acts and/or omissions ascribed to him herein, and therefore was acting with the scope of his employment with the Defendant, City of Naperville.

84.     At all times herein, the Defendants, James Konrad and Stephen Madden, were acting pursuant to and/or at the direction of the Defendant, Brett Heun, acting pursuant to and within his employment with the Defendant, City of Naperville, and otherwise with the intent to benefit the Defendants, Brett Heun and the City of Naperville.

85.     As a result of the facts set forth in this Complaint at Law and at all times relevant hereto, each of the Defendants, James Konrad and Stephen Madden, was acting as the agent of the Defendants, Brett Heun and/or the City of Naperville, in connection with all individual and/or concerted acts and/or omissions ascribed to each herein.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

86. As a result of the facts set forth in this Complaint, the Defendant, City of Naperville, is liable for the acts and/or omissions of its agents, the Defendants, Brett Heun, James Konrad and Stephen Madden, sought in Counts V and VI, above.

WHEREFORE, the Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, demands judgment in his favor and against the Defendant, City of Naperville, in an amount in excess of Five Million Dollars ($5,000,000), plus costs pursuant to 735 ILCS 5/5-101, *et seq.*

**COUNT VIII**
**RESPONDEAT SUPERIOR - State law**
*District #203*

87. Plaintiffs incorporate by reference ¶¶1 through 85, above, as if fully set forth herein.

88. At all times relevant hereto, each of the Defendants, James Konrad and Stephen Madden, was acting as the agent and/or employee of the Defendant, Naperville Community Unit School District #203, and within the scope of his employment with the Defendant, Naperville Community Unit School District #203.

89. As a result of the facts set forth in this Complaint, the Defendant, Naperville Community Unit School District #203, is liable for the acts and/or omissions of its agents, the Defendants, James Konrad and Stephen Madden, sought in Counts V and VI, above.

WHEREFORE, the Plaintiff, Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, demands judgment in his

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

favor and against the Defendant, Naperville Community Unit School District #203, in an amount in excess of Five Million Dollars ($5,000,000), plus costs pursuant to 735 ILCS 5/5-101, *et seq.*

## COUNT IX
### INDEMNITY
*City of Naperville*

90.     Plaintiffs incorporate by reference herein ¶¶1 through 88, above, as if fully set forth herein.

91.     At all relevant times, the Defendant, Brett Heun, was acting on behalf of and/or within the scope of his employment with the Defendant, City of Naperville.

92.     As a result of Defendant's conduct, Plaintiffs are seeking compensatory damages, attorney's fees, costs and interest.

93.     Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable.  745 ILCS 10/9-101 (West 2017).

WHEREFORE, the Plaintiffs, Douglas Walgren and Maureen, Individually and Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, respectfully request that this Honorable Court enter judgment declaring that the Defendant, City of Naperville, is required to indemnify and pay any settlement of or for itself and/or the Defendant, Brett Heun, or tort judgment for compensatory damages and costs, entered against it and/or the individual Defendant, Brett Heun, if found liable.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

# COUNT X
# INDEMNITY
*District #203*

94.    Plaintiffs incorporate by reference herein ¶¶1 through 93, above, as though fully set forth herein.

95.    At all relevant times, Defendants, James Konrad and Stephen Madden, were acting on behalf of and/or within the scope of their employment with the Defendant, Naperville Community Unit School District #203.

96.    As a result of either or both the above Defendants' conduct, Plaintiffs are seeking compensatory damages, attorney's fees, costs and interest.

97.    Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable.  745 ILCS 10/9-101 (West 2017).

WHEREFORE, the Plaintiffs, Douglas Walgren and Maureen, Individually and Douglas Walgren, as Independent Administrator of the Estate of Corey Walgren, Deceased, respectfully request that this Honorable Court enter judgment declaring that the Defendant, Naperville Community Unit School District #203, is required to indemnify and pay any settlement of or for itself and/or either or both Defendants, James Konrad and/or Stephen Madden, or tort judgment for compensatory damages and costs, entered against it and/or either or both of the individual Defendants, James Konrad and/or Stephen Madden, if found liable.

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

*Plaintiffs Demand a Trial by Jury on All Issues and Claims so Triable*

Respectfully submitted by:
By: s/ **Terry A. Ekl**

Terry A. Ekl
Patrick L. Provenzale
Ekl, Williams & Provenzale LLC
[ #23492 ]
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-8318 *Facsimile*
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
*Attorneys for Plaintiffs*

John J. Malm
Law Offices of John J. Malm
& Associates, P.C.
[ # 29144 ]
1730 Park Street, Suite 201
Naperville, IL 60563
(630) 527-4177
(630) 527-4178 *Facsimile*
john@malmlegal.com
*Attorneys for Plaintiffs*

REQUEST RECEIVED ON-EMILYBOTHFELD-05/25/2017 09:41:10 AM DOCUMENT SUPPLIED ON 05/25/2017 09:41:15 AM # 17043742030
Document received on 2017-05-24-09.21.38.0  Document accepted on 05/24/2017 12:02:51 # 4043090/17043741104

SUMMONS - CIRCUIT COURT                                                                    3101-1 (Rev. 03/2011)

| | UNITED STATES OF AMERICA | |
|---|---|---|
| **STATE OF ILLINOIS** | **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT** | **COUNTY OF DU PAGE** |

Douglas Walgren, Individually and as
Independent Administrator of the
Estate of Corey Walgren, Deceased,
and Maureen Walgren,

**2017L000604**

_____ PLAINTIFF

**CASE NUMBER**

vs

Brett Heun, Stephen Madden, James
Konrad, City of Naperville, an
Illinois Municipal Corporation, and
Naperville Community Unit School
District #203,

_____ DEFENDANT

**SUMMONS**
**CIRCUIT COURT**

File Stamp Here

☒ ORIGINAL ☐ ALIAS

To each Defendant:   See attached Service List _____

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or
otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois,
within 30 days after service of this summons not counting the day of service.
     If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of
service and fees, if any, immediately after service and not less than three (3) days before the date of appearance. If service
cannot be made, this summons shall be returned so endorsed.
     This summons may not be served later than thirty (30) days after its date.

| **DATE OF SERVICE** |
|---|
| TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT OR OTHER PERSON |

**WITNESS:**

Name:  Ekl, Williams & Provenzale    ☐ PRO SE

DuPage Attorney Number:  23492

Attorney for:  Plaintiffs

Address:  901 Warrenville Road, #175

City/State/Zip:  Lisle, IL 60532

Telephone Number:  630-654-0045

**CHRIS KACHIROUBAS,**  Clerk of the Eighteenth
Judicial Circuit Court, and the seal thereof, Wheaton,
Illinois

**Electronically Issued**

Date 05/24/2017  Date _____

Deputy CHRIS KACHIROUBAS, Clerk

By JAMES KUFER
                    **Deputy Clerk**

4043090

**NOTE:**
     The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee payable at the time of filing.

     If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you
     and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

SUMMONS - CIRCUIT COURT                                                                 3101-2 (Rev. 03/2011)

## SHERIFF'S FEES

Service and return .......................................................... $ _____

Miles _____ .......................................... $ _____

**Total** .................................................................................. $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐    (a)    (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐    (b)    (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐    (c)    (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐    (d)    (Other service):

☐    (e)    (Unable to Serve):
By _____ ,    Deputy Badge Number: _____

Name of Defendant _____

Name of Person
summons given to _____

Sex _____ Race _____ Approx. age _____

Place of service _____

City , State _____

Date of service _____ Time _____

Date of Mailing _____

Special Process Server of _____

Name of Defendant _____

Name of Person
summons given to _____

Sex _____ Race _____ Approx. age _____

Place of service _____

City , State _____

Date of service _____ Time _____

Date of Mailing _____

Sheriff of _____ County

County Illinois License # _____

By _____

# SERVICE LIST

RE: Walgren v. Heun, et al.

Court Number: _____

Our File Number: 3626.000

Terry A. Ekl
Patrick L. Provenzale
Ekl, Williams & Provenzale LLC
[ #23492 ]
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-8318 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
Attorneys for Plaintiffs

John J. Malm
Law Offices of John J. Malm
 & Associates, P.C.
[ #29144 ]
1730 Park Street, Suite 201
Naperville, IL 60563
(630) 527-4177
(630) 527-4178 Facsimile
john@malmlegal.com
Attorneys for Plaintiffs

Defendants to be Served:

1. Brett Heun
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

2. Stephen Madden
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

3. James Konrad
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

4. City of Naperville
   c/o Doug A. Krieger, City Manager
   400 South Eagle Street
   Naperville, IL 60540

5. Naperville Community Unit School District #203
   c/o Dan Bridges
   203 West Hillside Road
   Naperville, IL 60540

J:\MARY\CLIENT FILES\WALGREN 3626 600\03 PLEADINGS\SERVICE LIST.wpd

SUMMONS - CIRCUIT COURT                                                                3101-1 (Rev. 03/2011)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |
|---|---|---|

Douglas Walgren, Individually and as
Independent Administrator of the
Estate of Corey Walgren, Deceased,
and Maureen Walgren,

_____
PLAINTIFF

**2017L000604**

_____
**CASE NUMBER**

VS

Brett Heun, Stephen Madden, James
Konrad, City of Naperville, an
Illinois Municipal Corporation, and
Naperville Community Unit School
District #203,

_____
DEFENDANT

**SUMMONS**
CIRCUIT COURT

☒ ORIGINAL ☐ ALIAS

File Stamp Here

To each Defendant:    See attached Service List _____

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

     If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

     This summons may not be served later than thirty (30) days after its date.

| DATE OF SERVICE |
|---|
| TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT<br>OR OTHER PERSON |

**WITNESS:**

Name: Ekl, Williams & Provenzale    ☐ PRO SE

DuPage Attorney Number: 23492

Attorney for: Plaintiffs

Address: 901 Warrenville Road, #175

City/State/Zip: Lisle, IL 60532

Telephone Number: 630-654-0045

**CHRIS KACHIROUBAS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois

**Electronically Issued**

Date 05/24/2017 Date

_____ Chris Kachiroubas
eputy Clerk CHRIS KACHIROUBAS, Clerk

By JAMES KUFER
Deputy Clerk

4043090

**NOTE:**
The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee payable at the time of filing.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

SUMMONS - CIRCUIT COURT

3101-**2** (Rev. 03/2011)

## SHERIFF'S FEES

Service and return ........................................................................ $ _____

Miles _____ ........................................................ $ _____

**Total** ............................................................................................ $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐     (a)    (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐     (b)    (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐     (c)    (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐     (d)    (Other service):

☐     (e)    (Unable to Serve):
By _____ ,    Deputy Badge Number: _____

Name of Defendant _____

Name of Person
summons given to _____

Sex _____ Race _____ Approx. age _____

Place of service _____

City , State _____

Date of service _____ Time _____

Date of Mailing _____

Special Process Server of _____

Name of Defendant _____

Name of Person
summons given to _____

Sex _____ Race _____ Approx. age _____

Place of service _____

City , State _____

Date of service _____ Time _____

Date of Mailing _____

Sheriff of _____ County

County Illinois License # _____

By _____

## SERVICE LIST

RE: Walgren v. Heun, et al.

Court Number: _____

Our File Number: 3626.000

Terry A. Ekl
Patrick L. Provenzale
Ekl, Williams & Provenzale LLC
[ #23492 ]
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-8318 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
Attorneys for Plaintiffs

John J. Malm
Law Offices of John J. Malm
 & Associates, P.C.
[ #29144 ]
1730 Park Street, Suite 201
Naperville, IL 60563
(630) 527-4177
(630) 527-4178 Facsimile
john@malmlegal.com
Attorneys for Plaintiffs

Defendants to be Served:

1. Brett Heun
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

2. Stephen Madden
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

3. James Konrad
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

4. City of Naperville
   c/o Doug A. Krieger, City Manager
   400 South Eagle Street
   Naperville, IL 60540

5. Naperville Community Unit School District #203
   c/o Dan Bridges
   203 West Hillside Road
   Naperville, IL 60540

SUMMONS - CIRCUIT COURT

3101-1 (Rev. 03/2011)

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**STATE OF ILLINOIS**                                                **COUNTY OF DU PAGE**

Douglas Walgren, Individually and as
Independent Administrator of the
Estate of Corey Walgren, Deceased,
and Maureen Walgren,

**2017L000604**

_____
PLAINTIFF

**CASE NUMBER**

vs

Brett Heun, Stephen Madden, James
Konrad, City of Naperville, an
Illinois Municipal Corporation, and
Naperville Community Unit School
District #203,
_____
DEFENDANT

**SUMMONS**
CIRCUIT COURT

File Stamp Here

[X] ORIGINAL  [ ] ALIAS

To each Defendant:  See attached Service List _____

You are Summoned and Required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service.

If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than thirty (30) days after its date.

**DATE OF SERVICE**

TO BE INSERTED BY OFFICER ON COPY LEFT WITH DEFENDANT
OR OTHER PERSON

**WITNESS:**

Name: Ekl, Williams & Provenzale  [ ] PRO SE

DuPage Attorney Number: 23492

Attorney for: Plaintiffs

Address: 901 Warrenville Road, #175

City/State/Zip: Lisle, IL 60532

Telephone Number: 630-654-0045

**CHRIS KACHIROUBAS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, Wheaton, Illinois

**Electronically Issued**

Date 05/24/2017

CHRIS KACHIROUBAS, Clerk

By JAMES KUEER
Deputy Clerk

4043090

NOTE:

The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee payable at the time of filing.

If you need legal advice concerning your legal responsibility as a result of this summons being serviced upon you and you don't have a lawyer, you can call the DuPage Bar Association, Lawyer Referral Service at 630-653-9109.

SUMMONS - CIRCUIT COURT                                                                                  3101-2 (Rev. 03/2011)

### SHERIFF'S FEES

Service and return ...................................................................  $ _____

Miles _____ .................................................................  $ _____

**Total** .....................................................................................  $ _____

Sheriff of _____ County

### SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐  (a)  (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual  as follows:

☐  (b)  (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐  (c)  (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐  (d)  (Other service):

☐  (e)  (Unable to Serve):
By _____  ,   Deputy Badge Number: _____

Name of Defendant _____          Name of Defendant _____

Name of Person                                                 Name of Person
summons given to  _____          summons given to  _____

Sex _____ Race _____ Approx. age _____          Sex _____ Race _____ Approx. age _____

Place of service _____          Place of service _____

City , State      _____          City , State      _____

Date of service _____ Time _____          Date of service _____ Time _____

Date of Mailing _____          Date of Mailing _____

                                                              Sheriff of _____ County

Special Process Server of _____          County Illinois License # _____

                                                              By _____

# SERVICE LIST

RE: Walgren v. Heun, et al.

Court Number: _____

Our File Number: 3626.000

Terry A. Ekl
Patrick L. Provenzale
Ekl, Williams & Provenzale LLC
[ #23492 ]
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-8318 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
Attorneys for Plaintiffs

John J. Malm
Law Offices of John J. Malm
 & Associates, P.C.
[ #29144 ]
1730 Park Street, Suite 201
Naperville, IL 60563
(630) 527-4177
(630) 527-4178 Facsimile
john@malmlegal.com
Attorneys for Plaintiffs

Defendants to be Served:

1. Brett Heun
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

2. Stephen Madden
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

3. James Konrad
   Naperville North High School
   899 North Mill Street
   Naperville, Illinois 60563

4. City of Naperville
   c/o Doug A. Krieger, City Manager
   400 South Eagle Street
   Naperville, IL 60540

5. Naperville Community Unit School District #203
   c/o Dan Bridges
   203 West Hillside Road
   Naperville, IL 60540